UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 06-269 |
| EDDIE CHANEY | SECTION I |

## ORDER AND REASONS

Before this Court is a motion[1] for reconsideration filed by defendant, Eddie Chaney. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On November 3, 2006, Chaney was charged by way of a superseding indictment with three counts of violating various narcotics and firearms offenses.[2] On April 17, 2007, Chaney entered a plea of guilty to counts 1, 2 and 14 of the superseding indictment.[3] On the same date, Chaney entered into a plea agreement with the government and signed a factual basis admitting his guilt.[4] On July 19, 2007, this Court sentenced Chaney to 135 months imprisonment.[5]

On June 10, 2008, this Court reduced Chaney's sentence to 121 months pursuant to 18 U.S.C. § 3582(c)(2) in accordance with retroactive amendments to the federal sentencing

---

[1] R. Doc. No. 430.

[2] R. Doc. No. 12.

[3] Count 1 charged Chaney with conspiring to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, a quantity of heroin and a quantity of marijuana in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D); all in violation of Title 21, United States Code Section 846. R. Doc. No. 12. Count 2 charged Chaney with conspiring to use and carry firearms, and possess firearms in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(o). *Id.* Count 14 charged Chaney with distributing a quantity of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). *Id.*

[4] R. Doc. Nos. 156, 158.

[5] R. Doc. No. 239.

1

guidelines relating to certain cocaine base (crack) offenses.[6]  On December 27, 2011, this Court again reduced Chaney's sentence pursuant to 18 U.S.C. § 3582(c)(2).[7]  Although the amended guideline range provided for a term of imprisonment between 63 months and 78 months, the Court reduced Chaney's sentence to 120 months due to the ten-year mandatory minimum penalty that applies in his case.[8]

On January 18, 2012, Chaney filed this motion for reconsideration with respect to the Court's order reducing his sentence to 120 months.[9]  Chaney argues that the Fair Sentencing Act of 2010 ("FSA") increased the quantity of drugs required to trigger a ten-year mandatory minimum and that the Court erred in finding that the ten-year mandatory minimum continues to apply in his case.[10]  Because he was found responsible for only 50 grams or more of crack cocaine, Chaney argues that the FSA provides for a mandatory minimum sentence of only five years.[11]

## *LAW AND ANALYSIS*

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).  A motion for reconsideration filed within twenty-eight days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to

---

[6] R. Doc. No. 346.

[7] R. Doc. No. 429.

[8] *Id.*

[9] R. Doc. No. 430.

[10] *Id.*

[11] *Id.*

Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004).[12] A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Id.* Chaney filed this motion on January 18, 2012, within twenty-eight days of the Court's order on December 27, 2011. Accordingly, a Rule 59(e) analysis is appropriate.[13]

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecommunications, Inc.*, 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

---

[12] The ten-day time limit referred to in *Shepherd* was extended to twenty-eight days when the Federal Rules of Civil Procedure were amended in 2009. *See* Fed. R. Civ. Proc. 59(e).

[13] A Rule 59(e) analysis is more generous to the party seeking relief as it saves the motion from the "exacting substantive requirements" of Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

3

Chaney has not demonstrated that this Court's previous order reducing his sentence to 120 months should be altered or amended. Although Chaney is correct that the FSA increased the quantity of drugs required to trigger certain mandatory minimum sentences, the Fifth Circuit has held that the mandatory minimum penalties established by the FSA are not retroactive. *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) ("[T]he Savings Statute, 1 U.S.C. § 109, provides that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does not apply retroactively."). To the extent that some courts have held that the FSA applies to those persons sentenced after its enactment even though the illegal conduct occurred before its enactment,[14] *see, e.g.*, *United States v. Shull*, 793 F. Supp. 2d 1048 (S.D. Ohio 2011), such cases are distinguishable because Chaney both performed the illegal conduct and received his sentence prior to the enactment of the FSA. Accordingly, the mandatory minimums established by the FSA do not apply in this case and this Court does not have the authority to reduce Chaney's sentence below 120 months.

For the foregoing reasons,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, February 15, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] The Fifth Circuit has not adopted that position. *See United States v. Tickles*, 661 F.3d 212 (5th Cir. 2011)("[T]he penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment.") *cert. granted sub nom. Dorsey v. United States*, No. 11–5683, 132 S. Ct. 759, 2011 WL 3422126 (U.S. Nov. 28, 2011).